# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**VERONICA DIXON,**

              **Plaintiff,**

**-vs-**                                              **Case No. 8:08-cv-1574-Orl-T-23DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

              **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on review of the administrative denial of Plaintiff's application for Social Security benefits. For the reasons set forth herein, it is **respectfully recommended** that the administrative decision be **AFFIRMED.**

### *PROCEDURAL BACKGROUND*

Plaintiff filed applications for disability insurance benefits and Supplemental Security Income ("SSI") on October 1, 2004. These applications were denied initially and upon reconsideration, and Plaintiff pursued her administrative remedies. At the December 2007 hearing before an Administrative Law Judge ("the ALJ"), Plaintiff withdrew her application for disability insurance benefits (R. 478), leaving only the application for SSI benefits. The ALJ issued an unfavorable decision and Plaintiff exhausted her administrative remedies. Plaintiff sued for review in this Court, and the matter was transferred to the undersigned for review and issuance of a Report and Recommendation. The matter was fully briefed, and the final decision of the Commissioner finding Plaintiff not disabled for purposes of entitlement to SSI is now ripe for review.

### NATURE OF CLAIMED DISABILITY

Plaintiff claims to be disabled as of October 1, 2004, due to "Hbp,[1] hypertension, broken wrist and dislocated shoulder" (R. 86). Plaintiff also refers to mental health problems, specifically depression and anxiety (R. 63).

*Summary of Evidence before the ALJ*

Plaintiff was forty four years old at the time of the decision (R. 480), with a ninth grade education and past relevant experience as a housekeeper (R. 87).

The medical evidence is set forth in detail in the administrative decision and for purposes of privacy and brevity will not be repeated here, except to the extent necessary to address Plaintiff's objections. The record includes treatment notes from Plaintiff's doctors, physical therapists and other providers, and also reports from consultative examiners and state agency non-examining experts. By way of summary, the medical evidence indicates that, with respect to the pertinent time period, Plaintiff received treatment (including surgery) for a shoulder injury, as well as treatment for knee pain, hypertension and, briefly, depression.[2] In addition to the medical evidence, the record includes several reports from Plaintiff with respect to her claimed limitations, and Plaintiff and a Vocational Expert ("VE") appeared and testified at her hearing.

In her decision, the ALJ found that Plaintiff had the following severe impairments: hypertension, fracture of the right wrist with surgical repair, rotator cuff injury with surgical repair in

---

[1] Believed to be high blood pressure.

[2] The record also includes, and the ALJ addressed, records of medical treatment showing that Plaintiff had a hysterectomy and treatment for other related issues.

-2-

October 2007, osteoarthritis of the lower extremity joints with a right meniscus tear, obesity, and depression (R. 20), but that Plaintiff did not have an impairment or combination of impairments that met or equaled the Listings.[3] The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work that would allow her to change positions every thirty minutes; did not require the use of her right arm for reaching, pushing, or pulling at or above shoulder height; and did not involve more than occasional climbing, balancing, stooping, kneeling, crouching, crawling, and bending (R. 22). In addition, the ALJ found Plaintiff to be restricted to unskilled work, but able to understand, remember, and carry out 1-2 step instructions, perform simple repetitive tasks, and deal with standardized situations (R. 22). Based on the testimony of the Vocational Expert regarding jobs that could be performed within that RFC (R. 502-05), the Plaintiff was found to be not disabled.

## *STANDARD OF REVIEW*

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

---

[3]*See* 20 CFR Part 404, Subpart P, Appendix 1.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## *ISSUES AND ANALYSIS*

Although Plaintiff's brief is not the model of clarity, it appears she raises the following issues: 1) whether the ALJ properly recognized all of Plaintiff's severe impairments; 2) whether the ALJ properly analyzed Plaintiff's claim of obesity; 3) whether the hypothetical given to the Vocational Expert was complete and 4) whether the ALJ gave appropriate weight to the opinions of all of the providers. The Court finds no error.

*Severe Impairments*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's

-4-

impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f).

Applied here, the ALJ determined at step two of the analysis that Plaintiff had the following severe impairments: hypertension, fracture of the right wrist with surgical repair, rotator cuff injury with surgical repair in October 2007, osteoarthritis of the lower extremity joints with a right meniscus tear, obesity, and depression (R. 20). Plaintiff takes issue with this finding, contending that "there is no fracture of the right wrist" and "the right knee is much worse," citing a 2005 MRI of the knee, which revealed a moderate sized tear (Brief at 2, citing R. 319). Plaintiff contends that this warrants remand. Plaintiff also contends that the ALJ incompletely analyzed Plaintiff's other impairments.

In her disability application, Plaintiff claimed to have a broken wrist (R. 86), and there are treatment records with respect to this claim (R. 309). But, as noted by the ALJ (R. 22), later records and x-rays revealed no right wrist fracture. Plaintiff does not explain how a finding that credited Plaintiff's own claim requires remand. There is no basis for remand to correct a finding that, if anything, was more generous to Plaintiff. In any event, considering that Plaintiff is left-handed (R. 482) and the record indicates that she had full range of motion in her wrists and hands (R. 275), this finding is harmless.

As for Plaintiff's other impairments, Plaintiff contends, in essence, that the RFC formulated by the ALJ is not supported by substantial evidence. As support for this contention, Plaintiff cites to numerous discrete items of evidence that she contends supports a more restrictive finding. This, however, is of no moment as the issue before the Court is not whether there is other evidence in the record that supports a different finding, but rather, whether there is substantial evidence to support this one. As noted above, where the Commissioner's decision is supported by substantial evidence,

-5-

the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). Upon review, the Court finds that this decision is adequately supported and meets this standard.

With respect to the knee injury, the ALJ acknowledged the impairment, included in the RFC limitations resulting from the impairment, but ultimately found that it was not disabling. This finding is supported by treatment notes indicating a good response to treatment (*see e.g.,* R. 205 – noting that subsequent to an injection the knee was "significantly better" and is "an occasional irritation, but not really an active clinical problem"), and evidence of only mild to moderate limitations (R. 274-76 – noting Plaintiff's normal gait, lack of an assistive device, ability to rise from a chair without difficulty, and concluding that Plaintiff had mild limitations for kneeling).[4]

As for the hypertension, the ALJ fully acknowledged the impairment (R. 22-26). While Plaintiff points out that the hypertension was "uncontrolled," there is no medical evidence presented of any functional limitation resulting from Plaintiff's hypertension, and, as noted by the ALJ, no evidence of end organ disease (R. 22). A review of the medical evidence shows that Plaintiff's blood pressure was stable enough for her to undergo surgery in April 2007 (R. 294) and, as of October 18, 2007, was described by her physician as "better controlled" upon a change in the dosage of her medications (R. 166-67). Plaintiff acknowledged that the hypertension was better controlled when she takes her medication (R. 489).

---

[4] Plaintiff herself testified that she was able to climb stairs (R. 492) and the consultative examination revealed full range of motion in her knees, with moderate tenderness (R. 274-76).

Plaintiff next asserts that the ALJ did not properly evaluate the fact that Plaintiff's orthopedic problems caused her pain (Brief at 3). Pain is a non-exertional impairment. *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the Eleventh Circuit's three-part "pain standard":

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote*, 67 F.3d at 1560, *quoting Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). Pain alone can be disabling, even when its existence is unsupported by objective evidence, *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992), although an individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. As a matter of law, the failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

Here, the ALJ recognized Plaintiff's allegations of pain and limitations, but found them to be non-persuasive for reasons clearly articulated and set out in her opinion (R. 20, 28). In addition to noting the lack of medical evidence to establish the severity of limitations claimed by Plaintiff, the ALJ noted several inconsistencies in Plaintiff's claims to her doctors, also noting that Plaintiff carried her laundry up and down the stairs to the laundromat, and that she regularly took full care of several of her grandchildren (R. 484-86), as well as other activities such as cleaning her house (R. 21-22, 28). As the ALJ applied the appropriate standard and these findings are supported by substantial evidence, they should not be disturbed.

Plaintiff next argues that the ALJ "shameful[ly] fail[ed]" to address Plaintiff's long-standing menorrhagia (Brief at 4). Plaintiff is incorrect. The ALJ did, in fact, address this condition (R. 22, 25), as well as noting that Plaintiff underwent surgery to correct it. Although Plaintiff asserts that she was impaired by dizziness and blood loss, there is no evidence that the surgery did not resolve the problem and, indeed, Plaintiff did not list this condition as a disabling impairment in her application for benefits (*see* R. 57-58, 63, 86, 106).

The Court finds that the ALJ's analysis of Plaintiff's severe impairments is supported by substantial evidence and was made in accordance with proper standards of law.

*Obesity*

Plaintiff next asserts that the ALJ did not properly evaluate Plaintiff's obesity. Specifically, Plaintiff contends that "there was medical evidence to establish that the obesity had caused significant functional limitations" and, because Plaintiff believes she "almost meets" a cardiac impairment listing, the combination of the two renders her disabled.

While Plaintiff alludes to significant functional limitations, she points to no *evidence* of same, and the ALJ found none (R. 22).[5] As for the "almost meets" a standard argument, the Court is unaware of authority that would allow a finding of disability under such a circumstance.

The listing of impairments in the Social Security Regulations identifies impairments which are considered severe enough to prevent a person from gainful activity. By meeting a listed impairment or otherwise establishing an equivalence, a Plaintiff is presumptively determined to be disabled regardless of his age, education, or work experience Thus, an ALJ's sequential evaluation of a claim ends if the claimant can establish the existence of a listed impairment. *Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984). However, at this stage of the evaluation process, the burden is on the plaintiff to prove that he or she is disabled. *Bell v. Bowen*, 796 F.2d 1350, 1352 (11th Cir. 1986); *Wilkinson v. Bowen*, 847 F.2d 660, 663 (11th Cir. 1987). In this circuit, a plaintiff must present specific findings that meet the various tests listed under the applicable listing. *Bell*, 796 F.2d at 1353. Mere diagnosis of a listed impairment is not enough as the record must contain corroborative medical evidence supported by clinical and laboratory findings. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). Plaintiff has not shown that she has met this standard.

*Hypothetical Questions*

Plaintiff next contends that the ALJ improperly formulated her hypothetical presented to the Vocational Expert, by failing to include Plaintiff's difficulties with concentration, pain, dizziness, depression, and bleeding. The Court cannot agree.

---

[5]Plaintiff notes that the ALJ incorrectly describes Plaintiff as "he was 6 feet 4 inches tall and weighs 380 pounds." (R. 22). This error is deemed to be of no consequence, however, as the ALJ acknowledged Plaintiff's obesity and her conclusions regarding the lack of any evidence of functional limitations arising from the obesity is supported by substantial evidence.

Case law in this circuit requires that the ALJ employ hypothetical questions which are accurate and supportable on the record and which include all limitations or restrictions of the particular claimant. *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985). Where the hypothetical employed with the vocational expert does not fully assume all of a claimant's limitations, the decision of the ALJ, based significantly on the expert testimony, is unsupported by substantial evidence. *Id.* at 1561 (quoting *Brenam v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)). The ALJ is not required, however, to include in the question claims of impairment that he has found to be unsupported. *Crawford v. Comm'r of Social Security,* 363 F.3d 1155, 1161 (11th Cir. 2004). That is the case here.

With respect to claims of concentration difficulties and depression, the ALJ reviewed the sparse medical evidence and, while the ALJ found Plaintiff's depression to be severe at step two, she did not find these impairments to result in functional impairments greater than the RFC finding. This determination is supported by the evidence detailed in the decision (R. 21-22). As noted by the ALJ, Plaintiff never experienced any episodes of decompensation, and was able to concentrate sufficiently to participate in daily Bible study as well as crossword puzzles and other activities (*See* R. 499). The hypothetical posed to the VE included a limitation of "this person can remember locations and work-like procedures, understand, remember and carry out simple instructions, complete simple, repetitive tasks and deal with standardized situations" (R. 503). Substantial evidence supports this limitation.

As for the impairments of bleeding, pain and dizziness, as set forth above, the ALJ specifically discredited Plaintiffs allegations of disabling limitations arising from her impairments. As substantial evidence supports that finding, the ALJ was not required to include these allegations in formulating the hypothetical. The Court finds no basis for reversal on this ground.

*Evaluating Opinions*

Plaintiff alleges that the ALJ erred in failing to properly credit the opinions of the treating physicians. Again, the Court finds no error.

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnor v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2).

The only opinion evidence regarding disability offered by any treating physician is that of Dr. Mehul Shah who checked a box on a form dated March 18, 2005, which stated: "In my opinion this

-11-

person is incapable of any employment and is estimated to be disabled for: 3 mos." (R. 348). The ALJ considered (R. 24) but discounted this opinion, noting that the opinion was not accompanied by any rationale other than the diagnoses of hypertension and right knee osteoarthritis, and the form was not supported by any medical evidence (R. 28). This determination is supported by substantial evidence.

While Plaintiff complains that no weight was assigned to the opinions of her treating cardiologist or other treating physicians, she fails to identify what "opinions" she refers to.[6] Indeed, it appears that Plaintiff is confusing medical findings with opinions regarding the import of those medical findings. The ALJ fully discussed the medical evidence set forth in the treatment notes, credited those findings she believed to be supportable, and that ultimate conclusion is supported by substantial evidence, as set forth above. While certain state agency consultants reviewed the record and opined as to Plaintiff's physical and mental limitations, the ALJ addressed those opinions in her determination (R. 29), gave them little weight, and no error is alleged with respect to that determination. Plaintiff has failed to identify any opinion that was not properly evaluated under the correct standard.

## CONCLUSION

The decision of the Commissioner was supported by substantial evidence and made in accordance with the proper standards of law. As such, it is **respectfully recommended** that the decision be **AFFIRMED.** Should this report be adopted, the Clerk should be directed to enter judgment accordingly and close the case.

---

[6]For example, Plaintiff states; "In addition to Dr. Banchs and Dr. Shah are the opinions of Dr. Howell at pages 190 through 196, the opinion of Dr. Hamilton who initially saw Ms. Dixon with regard to her right shoulder and knee and the opinions of Dr. Shyngle at page 273 and Dr. Canizares who performed the right shoulder surgery. There is no mention of any weight given to the opinion of Dr. Hirth who treated Ms. Dixon for her menorrhagia and fibroid tumors, nor Dr. Stantz at pages 243 through 245." (Brief at 10). A review of the cited pages reveals treatment notes, subjective history as reported by Plaintiff, and objective findings such as weight and blood pressure. These are not "opinions." Further, to the extent the treatment notes reveal limitations, such limitations were incorporated in the RFC.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 1, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy